[No. D042574. Fourth Dist., Div. One. Mar. 29, 2004.]

COLDWELL BANKER RESIDENTIAL BROKERAGE COMPANY, INC., Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
MARCOS SAWYER SALAZAR, a Minor, etc., Real Party in Interest.

**COUNSEL**

Gemmill, Thornton & Baldridge, Bruce M. Thornton and Carlos V. Yguico for Petitioner.

No appearance for Respondent.

Speckman & Associates and David L. Speckman for Real Party in Interest.

**OPINION**

**McCONNELL, P. J.**—Marcos Sawyer Salazar (Marcos), a minor, claims he developed asthma caused by toxic mold in the house in which he lived with his mother, Maria Angelina Casteneda (Casteneda). Casteneda and Marcos[1] sued the seller of the house, the seller's broker Coldwell Banker Residential Brokerage Company Inc. (Coldwell Banker) and others, alleging they breached various duties of care, including failing to disclose the existence of microbial contamination. Coldwell Banker unsuccessfully demurred to Marcos's complaint on the ground it did not owe him a duty of care because he was not a party to the real estate transaction. We conclude Marcos cannot

---

[1] Marcos filed the action through his father and guardian ad litem Marcos Salazar.

state a cause of action against Coldwell Banker and grant its petition for writ of mandate.

## FACTUAL[2] AND PROCEDURAL BACKGROUND

Casteneda bought a house from Michael Behnke. Coldwell Banker was the listing agent in the sale. After Casteneda and Marcos moved into the house, Casteneda noticed a moldy smell in the kitchen and downstairs bathroom. An environmental test showed a dangerous level of mycotoxins and mold spores. The estimated cost to fix the problem was more than $25,000. The exposure to mold caused Casteneda and Marcos to become ill and caused Marcos to develop asthma.

In his second cause of action for negligence, Marcos alleged Coldwell Banker, as a licensed real estate broker, owed him a duty under Civil Code[3] section 2079 et seq. to conduct a reasonably competent and diligent inspection of the property and to disclose known or reasonably ascertainable defects, including the presence of dangerous microbial contamination. Coldwell Banker, who knew Marcos would be living in the house with his mother, breached this duty by failing to conduct a reasonable inspection, failing to disclose known or reasonably ascertainable defects, and representing that the property was in excellent condition while working with other defendants to hide evidence of microbial contamination.

Marcos's seventh cause of action alleged the defective and dangerous condition of the property constituted a nuisance, thereby depriving him of its safe, healthy and comfortable use. His eighth cause of action alleged Coldwell Banker actively and intentionally concealed the defective and dangerous condition, with the intent of causing Marcos severe emotional distress. In his ninth cause of action, Marcos alleged fraud and misrepresentation.

Coldwell Banker demurred, arguing only the parties to a real estate transaction can maintain an action against the seller's real estate broker for failing to disclose defective conditions in a home. In his opposition, Marcos argued Coldwell Banker owed him a duty of care because it knew he was the buyer's child and would be living in the home. Thus, Coldwell Banker could reasonably foresee the risk of physical injury to him.

The court overruled the demurrer to the second, seventh and eighth causes of action, finding Marcos sufficiently stated a cause of action for negligence,

---

[2] The facts are taken as alleged in the first amended complaint. After the court overruled Coldwell Banker's demurrer to this complaint, Casteneda and Marcos filed a second amended complaint. The allegations of the causes of action relevant to this writ proceeding are identical in both the first and second amended complaints.

[3] Statutory references are to the Civil Code.

nuisance and intentional infliction of emotional distress. The court sustained without leave to amend the ninth cause of action for fraud and misrepresentation, finding Marcos could not show he relied on Coldwell Banker's representations. This petition followed. We issued an order to show cause and calendared argument.

## DISCUSSION

### A

### *Standard of Review*

■ On review of a ruling on demurrer, we exercise our independent judgment on whether, as a matter of law, the complaint states a cause of action. (*Lazar v. Hertz Corp.* (1999) 69 Cal.App.4th 1494, 1501 [82 Cal.Rptr.2d 368]; *Trinkle v. California State Lottery* (1999) 71 Cal.App.4th 1198, 1201 [84 Cal.Rptr.2d 496].) We accept as true the properly pleaded material facts but do not assume the truth of contentions, deductions or conclusions of fact or law. (*Interinsurance Exchange v. Narula* (1995) 33 Cal.App.4th 1140, 1143 [39 Cal.Rptr.2d 752]; *Hernandez v. City of Pomona* (1996) 49 Cal.App.4th 1492, 1497 [57 Cal.Rptr.2d 406].) We examine the complaint's factual allegations to determine whether they state a cause of action on any available legal theory. (*Wolfe v. State Farm Fire & Casualty Ins. Co.* (1996) 46 Cal.App.4th 554, 560 [53 Cal.Rptr.2d 878].)

### B

### *Duty*

"A tort, whether intentional or negligent, involves a violation of a *legal duty*, imposed by statute, contract or otherwise, owed by the defendant to the person injured." (5 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 6, p. 61; *Romero v. Superior Court* (2001) 89 Cal.App.4th 1068, 1078 [107 Cal.Rptr.2d 801].) Without such a duty, any injury is injury without wrong. (5 Witkin, *supra*, § 6, p. 61; *Quelimane Co. v. Stewart Title Guaranty Co.* (1998) 19 Cal.4th 26, 57–58 [77 Cal.Rptr.2d 709, 960 P.2d 513] [duty is threshold element of cause of action for negligence].) "The existence and scope of duty are legal questions for the court." (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 477 [110 Cal.Rptr.2d 370, 28 P.3d 116]; *Ann M. v. Pacific Plaza Shopping Center* (1993) 6 Cal.4th 666, 674 [25 Cal.Rptr.2d 137, 863 P.2d 207].)

■ To state a cause of action for any of the tort claims alleged—negligence, nuisance or intentional infliction of emotional distress—Marcos

must show Coldwell Banker owed him a duty of care. "Duty" is simply " 'an expression of the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection.' " (*Dillon v. Legg* (1968) 68 Cal.2d 728, 734 [69 Cal.Rptr. 72, 441 P.2d 912].) "Courts, however, have invoked the concept of duty to limit generally 'the otherwise potentially infinite liability which would follow every negligent act . . . .' " (*Thompson v. County of Alameda* (1980) 27 Cal.3d 741, 750 [167 Cal.Rptr. 70, 614 P.2d 728].)

The existence of duty here arises in the context of a real estate transaction. "Real estate brokers are subject to two sets of duties: those imposed by regulatory statutes, and those arising from the general law of agency. [Citation.]" (*Carleton v. Tortosa* (1993) 14 Cal.App.4th 745, 755 [17 Cal.Rptr.2d 734]; *Padgett v. Phariss* (1997) 54 Cal.App.4th 1270, 1279 [63 Cal.Rptr.2d 373].) Marcos does not, nor could he, attempt to enforce any obligation based on agency principles. Instead, he claims Coldwell Banker breached its statutory duty to him under section 2079.

## C

### Statutory Duty of Care to Prospective Buyer

In 1985, the Legislature enacted a comprehensive statutory scheme, entitled "Duty to Prospective Purchaser of Residential Property," to codify a realtor's duties in a residential real estate sales transaction. (§ 2079 et seq.; Stats. 1985, ch. 223, § 2, p. 1221.) The Legislature expressly declared its intent to clarify and define the duty of care and the manner of its discharge. (§ 2079.12, subd. (a)(4).) Under section 2079, subdivision (a), a real estate broker has a duty to a *prospective purchaser* of residential real property "to conduct a reasonably competent and diligent visual inspection of the property offered for sale and to disclose to *that prospective purchaser* all facts materially affecting the value or desirability of the property that an investigation would reveal . . . ." (Italics added; see also § 2079.16 [seller's agent owes duty of care to buyer to act reasonably and to disclose facts materially affecting value or desirability of property that are not known to parties].)

■ The Legislature also enacted section 1102 et seq., entitled "Disclosures Upon Transfer of Residential Property," which was intended to provide real estate agents the means to elicit material information from the seller about the property listed for sale, and to deliver that information to the *buyer*. (Stats. 1985, ch. 1574, § 2, p. 5788, operative Jan. 1, 1987.) Thus, before executing a sales contract, the seller must deliver to the buyer a statutory real estate transfer disclosure statement containing a checklist for giving notice of problems or potential problems with the property and cautioning that the

buyer may want to obtain professional advice or inspections of the property. (§§ 1102.3, 1102.6.) The statement also provides the seller's agent an opportunity to inquire of the seller, and disclose to the buyer, information encompassing a variety of subjects concerning the listed property. (§ 1102.6.)[4] "[A]ny person who willfully or negligently violates or fails to perform any duty prescribed by any provision of this article shall be liable in the amount of actual damages suffered by a *transferee*." (§ 1102.13, italics added.)

■ In accordance with the clear and unambiguous language of section 2079, the inspection and disclosure duties of residential real estate brokers and their agents apply exclusively to prospective buyers, and not to other persons who are not parties to the real estate transaction. Only a transferee, that is, the ultimate purchaser, can recover from a broker or agent for breach of these duties. (§ 1102.13.) Where, as here, " 'a statute enumerates the persons or things to be affected by its provisions, there is an implied exclusion of others . . . [and] the court is without power to supply an omission.' " (*Smith v. Rickard* (1988) 205 Cal.App.3d 1354, 1361 [254 Cal.Rptr. 633].) Because Marcos was not a prospective buyer or a transferee, Coldwell Banker did not owe him a duty of care.

D

*Absence of Broker-Customer Relationship*

The court's holding in *FSR Brokerage, Inc. v. Superior Court* (1995) 35 Cal.App.4th 69 [41 Cal.Rptr.2d 404] (*FSR Brokerage*), is both instructive and persuasive. In that case, 36 plaintiffs sued several realtors for personal injuries and wrongful death when a balcony collapsed as a result of a defective beam. The persons injured or killed were attending a party at the house when the balcony on which they stood collapsed. The defendants were brokers involved in the sale of that house. None of the plaintiffs or their heirs was a seller, buyer or prospective buyer of the house, nor were any of them in contractual privity with the brokers. (*Id.* at pp. 71–72.)

In their complaint, plaintiffs alleged the brokers negligently failed to supply information concerning defects in the balcony to the prospective purchaser of the house. Plaintiffs further claimed the brokers knew or should have known there were defects in the balcony, the prospective purchaser would have a party at which guests would congregate on the defective

---

[4] Consistent with other duties owed to a buyer, a seller or broker is required to provide the buyer with consumer information booklets in connection with the transfer of property. (§§ 2079.7 [environmental hazards information booklet], 2079.8 [homeowner's guide to earthquake safety], 2079.10 [home energy rating program booklet].)

balcony, and the balcony would collapse and injure the guests. (*FSR Brokerage, supra,* 35 Cal.App.4th at pp. 72–73.)

The brokers unsuccessfully moved for summary judgment on the ground they owed no legal duty to any of the plaintiffs. (*FSR Brokerage, supra,* 35 Cal.App.4th at pp. 71–72.) The Court of Appeal issued a writ of mandate directing the trial court to enter summary judgment for the brokers. Citing section 2079, the court held the brokers "owed no duty to the partygoers with whom no broker-customer relationship existed . . . ." (*Id.* at p. 73.) The court reasoned that "[a]s suppliers of information in a commercial context," the brokers' duty "only extended to ' "intended beneficiaries" ' of the brokers' advice." (*Ibid.*) Because plaintiffs had no relationship with the brokers, they could not be classified as intended beneficiaries of the allegedly negligent information supplied by the brokers concerning the balcony's defect. (*Id.* at pp. 73–74; see also Greenwald & Asimow, Cal. Practice Guide: Real Property Transactions (The Rutter Group 2003) ¶ 2:170.10, p. 2-46.)

Similarly here, no broker-customer relationship existed between Coldwell Banker and Marcos. Nor was Marcos an intended beneficiary of factual disclosures regarding the value and desirability of the house purchased by Casteneda. "[A] supplier of information is liable for negligence to a third party only if he or she intends to supply the information for the benefit of one or more third parties in a specific transaction or type of transaction identified to the supplier." (*Bily v. Arthur Young & Co.* (1992) 3 Cal.4th 370, 392 [11 Cal.Rptr.2d 51, 834 P.2d 745].) Thus, the benefit must be both *intended* and an *objective* of the particular service. (*Burger v. Pond* (1990) 224 Cal.App.3d 597, 605 [273 Cal.Rptr. 709].) The objective of Coldwell Banker's service as real estate broker, from which its duty derived, was to provide sufficient accurate information to allow a prospective buyer to make an informed decision. The information supplied in accordance with the statutory disclosure provisions was for Casteneda's benefit to guide her in a real estate purchase decision. Coldwell Banker, as a professional supplier of information in a commercial context, intended to induce Casteneda, not Marcos, to act in reliance on its representations. (*Bily v. Arthur Young & Co., supra,* at p. 414; *FSR Brokerage, supra,* 35 Cal.App.4th at pp. 73–74.) Any benefit to, or effect on, Marcos resulted not as an intended objective or purpose of Coldwell Banker's role as broker in the real estate transaction, but rather from Marcos's relationship to Casteneda as buyer of the house. (*Burger v. Pond, supra,* at p. 605.)

## E

### *Foreseeability*

■ Marcos contends Coldwell Banker owed him a duty to disclose known defects based on its knowledge he was the buyer's minor child who would be living in the house, and thus, injury to him from Coldwell Banker's negligent and wrongful conduct was foreseeable. However, foreseeability is not a substitute for legal duty. (*Burger v. Pond, supra*, 224 Cal.App.3d at p. 606.) Rather, foreseeability of harm is merely one factor to be considered in imposing negligence liability. (*Bily v. Arthur Young & Co., supra*, 3 Cal.4th at pp. 398–399; *Quelimane Co. v. Stewart Title Guaranty Co., supra*, 19 Cal.4th at p. 58.) "Experience has shown that . . . there are clear judicial days on which a court can foresee forever and thus determine liability but none on which that foresight alone provides a socially and judicially acceptable limit on recovery of damages for that injury." (*Thing v. La Chusa* (1989) 48 Cal.3d 644, 668 [257 Cal.Rptr. 865, 771 P.2d 814].) ■ The mere existence of foreseeability of harm to persons other than parties to the real estate transaction is, for public policy reasons, not sufficient to impose liability on a supplier of information in a commercial context. (*Bily v. Arthur Young & Co., supra*, at p. 399; *FSR Brokerage, supra*, 35 Cal.App.4th at p. 73.) A real estate broker exposed to negligence claims from all foreseeable third parties faces potential liability far out of proportion to its fault.[5]

## F

### *Affirmative and Willful Misconduct*

■ Marcos further contends Coldwell Banker's affirmative conduct and willful misconduct—actively concealing the mold contamination—created a duty to him. However, Marcos's characterization of Coldwell Banker as an "actively negligent broker" does not change the analysis or the result. Any

---

[5] Allowing nonparties to the transaction to sue a real estate broker for breach of statutory duties expressly owed to the buyer or prospective buyer would put professional liability on a slippery slope we are unwilling to test. For example, we envision infinite liability stemming from claims by present and future residents of a house in which an allegedly defective condition exists. These plaintiffs include residents who were known to the realtor but were not parties to the transaction (e.g., live-in partners, nannies, relatives and tenants). Extending the broker's duty of care to these third parties to whom no statutory duty is owed would be contrary to the Legislature's stated concern for facilitating the issuance of liability insurance for real estate licensees in an effort to ensure coverage for duties defined in section 2079. (§ 2079.12; *Loken v. Century 21-Award Properties* (1995) 36 Cal.App.4th 263, 272 [42 Cal.Rptr.2d 683].) We recognize liability cannot be endless, and thus believe our holding creates a "socially and judicially acceptable limit on recovery of damages for . . . injury." (*Thing v. La Chusa, supra*, 48 Cal.3d at p. 668.)

allegation of active concealment or intentional suppression of facts arises in the context of a real estate transaction governed exclusively by the broker's duties of inspection and disclosure imposed by section 2079 et seq. (See *Loken v. Century 21-Award Properties, supra,* 36 Cal.App.4th at p. 270 [although labeled negligent misrepresentation, cause of action derived from statutory duties of inspection and disclosure].) Marcos cannot plead around a breach of Coldwell Banker's statutory duties.

■ Moreover, allegations of willful misconduct are not determinative. The broker's disclosure duty is to the "transferee" whether the breach is willful or negligent. (§ 1102.13.) Even if, as Marcos claims, Coldwell Banker intentionally concealed defects, it concealed them not from Marcos, but from Casteneda. Any affirmative or willful conduct by Coldwell Banker occurred in the discharge of its duty to Casteneda as the prospective buyer and only Casteneda as the transferee can state a cause of action.

■ Likewise, even if we were to disregard section 2079, the result would not change. Marcos emphasizes the affirmative nature of Coldwell Banker's conduct, but fails to acknowledge that his cause of action is necessarily premised on fraud. Although active concealment of a property defect is "more obnoxious than failure to disclose," the legal effect of active concealment is the same as an affirmative misrepresentation. (5 Witkin, Summary of Cal. Law, *supra,* Torts, § 702, pp. 804–805; *Outboard Marine Corp. v. Superior Court* (1975) 52 Cal.App.3d 30, 37 [124 Cal.Rptr. 852].) Both sound in fraud and misrepresentation and require a showing of reliance. Because Marcos cannot successfully plead that Coldwell Banker intended to induce him to act to his detriment in reliance on the false representation (i.e., concealment) or that he relied on such conduct, he cannot state a cause of action for fraud or misrepresentation. (*Conrad v. Bank of America* (1996) 45 Cal.App.4th 133, 156–157 [53 Cal.Rptr.2d 336].)

## G

### *Nuisance and Intentional Infliction of Emotional Distress*

Marcos also alleged causes of action against Coldwell Banker for nuisance and intentional infliction of emotional distress. However, any duties under these theories of liability derive from the same duties and responsibilities imposed on a broker under the Civil Code—to conduct a reasonably competent and diligent visual inspection of the property and to disclose to the *prospective buyer* all facts materially affecting the value or desirability of the property. Under any available legal theory, whether negligent or intentional, Marcos cannot state facts showing Coldwell Banker owed him a duty of care.

 Moreover, Marcos's cause of action against Coldwell Banker for nuisance fails as a matter of law. "California nuisance law is a creature of statute. 'The California nuisance statutes have been construed, according to their broad terms, to allow an owner of property to sue for damages caused by a nuisance created on the owner's property.' " (*Newhall Land & Farming Co. v. Superior Court* (1993) 19 Cal.App.4th 334, 343 [23 Cal.Rptr.2d 377], italics omitted.) Nuisance liability arises "where conduct which violates a duty owed to another also interferes with that party's free use and enjoyment of his property . . . ." (*Cutujian v. Benedict Hills Estates Assn.* (1996) 41 Cal.App.4th 1379, 1389 [49 Cal.Rptr.2d 166].) Here, Marcos is not an owner of the house in which the alleged nuisance exists. Further, Coldwell Banker's conduct did not violate any duty owed to Marcos.

 Nor can Marcos state a claim for intentional infliction of emotional distress. "The wrongful conduct alleged in support of a cause of action for intentional infliction of emotional distress must be conduct that is directed at the plaintiff." (*Shin v. Kong* (2000) 80 Cal.App.4th 498, 512 [95 Cal.Rptr.2d 304].) Marcos alleged Coldwell Banker, in a real estate transaction with Casteneda, intentionally concealed a defective and dangerous condition in a house purchased by her. Marcos cannot show any wrongful conduct was *directed at* him. (See *Smith v. Pust* (1993) 19 Cal.App.4th 263, 274 [23 Cal.Rptr.2d 364].)

## DISPOSITION

Let a writ of mandate issue directing the superior court to vacate its order overruling the demurrer and enter a new order sustaining the demurrer without leave to amend. Petitioner is awarded costs in this writ proceeding.

Benke, J., and Haller, J., concurred.