Filed 6/18/14  Mortazavi v. Super. Ct. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| MAJID MORTAZAVI et al., | D065213 |
| Petitioners, | |
| v. | (Super. Ct. No. 37-2012-00090738 CU-OR-CTL) |
| THE SUPERIOR COURT OF SAN DIEGO COUNTY, | |
| Respondent; | |
| PARDEE HOMES, | |
| Real Party in Interest. | |


Petition for writ of mandate from an order of the Superior Court of San Diego County, Joel R. Wohlfeil, Judge.  Petition denied.

Worthington Law Offices and Brian Paul Worthington for Petitioner.

Seltzer Caplan McMahon Vitek, Christine Marie LaPinta and Trevor B. Potter, for Real Party in Interest.

No appearance for Respondent.

## I.

## INTRODUCTION

Petitioners Majid Mortazavi (Majid) and his wife, Soodabeh Mortazavi, (collectively "the Mortazavis") purchased a parcel of real property (the Property) from real party in interest, Pardee Homes (Pardee), in 2004. The Mortazavis sold the Property to Glynis Sive in 2011. The following year, Sive filed a complaint against the Mortazavis. In her complaint, Sive alleged that during the sale transaction, the Mortazavis falsely represented that the Property did not encroach on any adjoining properties. Sive's complaint contained six claims, including fraud, breach of contract, negligent misrepresentation, and three rescission-based causes of action. The Mortazavis cross-complained against Pardee for equitable indemnity and for declaratory relief and tort of another, related to the equitable indemnity claim. The essence of the Mortazavis' claims was that Pardee failed to properly "represent and mark the boundary of the Property," and that the Mortazavis had "relied on the representations of [Pardee] which led to [Sive] suffering the damages in the Complaint, if any."

Pardee filed a motion for summary judgment. In its briefing, Pardee argued that in order for one party to state a claim for equitable indemnity against another party, the two parties must share a joint legal obligation to a third party. Pardee maintained that the Mortazavis could not state an equitable indemnity claim against Pardee because Pardee did not owe any duty to Sive. Pardee supported this contention by noting that it was

2

undisputed that Pardee did not sell the Property to Sive nor did it make any representations to her concerning the Property. After concluding that Pardee did not owe Sive any duty with respect to the claims asserted by Sive against the Mortazavis in her complaint, the trial court concluded that Pardee was entitled to judgment as a matter of law on the Mortazavis' equitable indemnity claim and its related claims for declaratory relief and tort of another. Accordingly, the trial court granted Pardee's motion for summary judgment.

In their writ petition,[1] the Mortazavis contend that the trial court erred in granting Pardee's motion for summary judgment. The Mortazavis contend that they and Pardee are "potential joint tortfeasors" to Sive because it was "reasonably foreseeable" that the Mortazavis would sell the Property at some point after purchasing it from Pardee. We conclude that Pardee owed Sive no duty related to the claims that Sive asserts in her complaint against the Mortazavis. We therefore conclude that the trial court properly granted Pardee judgment as a matter of law on the Mortazavis' equitable indemnity claim and their related claims for declaratory relief and tort of another. Accordingly, we deny the petition.

---

[1] Pardee also filed a cross-complaint against the Mortazavis and Sive, among others. Because Pardee's complaint against the Mortazavis remained pending at the time the trial court entered its order granting Pardee summary judgment on the Mortazavis' cross-complaint, there was no final judgment as to Pardee from which the Mortazavis could appeal.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

A.      *The Mortazavis purchase the Property from Pardee*

The Mortazavis purchased the Property from Pardee in 2004.  The Property was an "unimproved lot" on which the Mortazavis intended to build a house.

B.      *The Mortazavis construct improvements on the Property*

In 2007, Majid hired a surveyor to determine the boundaries of the Property.  The surveyor was unable to locate any boundary markers for the rear of the Property, but found monuments at the front of the Property located in the sidewalk.   The subdivision map for the development in which the Property is located (subdivision map) stated that the front property line for the Property was offset seven feet from the monuments.  The surveyor relied on the monuments at the front of the Property and the offset as listed in the subdivision map to mark the boundaries of the Property.  The surveyor completed all of his work prior to August 2008.  The Mortazavis performed construction on the Property according to the surveyor's markings.

C.      *The certificate of correction*

Pardee recorded a "Certificate of Correction" to the subdivision map in November 2008.  The correction stated that the distance of the offset from the monuments in the sidewalk to the front property line of the Property was two feet rather than seven feet.

4

D.     *The Mortazavis sell the Property to Sive*

The Mortazavis sold the Property to Sive in 2011.  Pardee was not a party to the sale nor was it in any way involved in the sale.

E.     *Sive files a complaint against the Mortazavis*

Sive filed a complaint against the Mortazavis in January 2012.  Sive brought six claims against the Mortazavis: rescission-fraud; rescission-negligent misrepresentation; rescission-mistake; breach of contract; fraud; and negligent misrepresentation.  All of Sive's claims are premised on the Mortazavis' sale of the Property to Sive.  Specifically, as relevant to this writ petition, Sive's claims are based on the following factual allegations:

> "In and around May 2011 and June 2011 during the course of [Sive's] purchase of the Property, the Mortazavis completed several written disclosure statements regarding the condition of the Property.  Through these disclosures, the Mortazavis affirmatively represented the Property did not encroach onto any of the adjoining properties and that the Property, and its improvements, met all applicable zoning and setback requirements.  The representations made by the Mortazavis were in fact false.  The true facts were that the Property encroached onto an adjoining property by approximately eight feet by one hundred feet (8' by 100')."[2]

---

[2]     In her complaint, Sive also alleged that the Mortazavis falsely represented that the Property abutted an "open space area in which future development would not occur."  The Mortazavis did not seek indemnity from Pardee for this alleged misrepresentation.

5

F.    *The Mortazavis file a cross-complaint against Pardee*

The Mortazavis filed a cross-complaint against Pardee that contained causes of action styled as "implied indemnity," "declaratory relief," and "tort of another."

In their implied indemnity cause of action, the Mortazavis alleged that Pardee was "in some manner responsible for the allegations contained in [Sive's] complaint." Specifically, the Mortazavis alleged:

> "[The Mortazavis] are informed and believe, and thereon allege, that at all times herein, Pardee had a duty to properly represent and mark the boundary of the Property but failed to do this. [The Mortazavis] relied on the representations of [Pardee] which led to [Sive] suffering the damages in the complaint, if any."

The Mortazavis also alleged that they sought "indemnity against [Pardee] for all amounts expended for investigation, attorney's fees, court costs, and other expenses in the defense of [Sive's] claim."

In their declaratory relief claim, the Mortazavis sought a declaration that they were entitled to indemnification from Pardee.

In their cause of action styled as "tort of another," the Mortazavis incorporated the allegations of the remainder of their cross-complaint, including their equitable indemnity cause of action, and further alleged:

> "As a proximate result of the wrongful conduct of [Pardee], [the Mortazavis] have been required to act in the protection of their interests by defending the above-entitled action against third persons, namely [Sive]. As such, [the Mortazavis] are entitled to recover compensation for the reasonably necessary loss of time, attorney's fees and other expenditures thereby suffered and incurred by [the Mortazavis] in the defense of such action."

6

G.    *Pardee's motion for summary judgment*

Pardee filed a motion for summary judgment.  In its motion, Pardee interpreted the Mortazavis' "implied indemnity" cause of action as stating a claim for "implied contractual indemnity."  Pardee argued that it was entitled to summary judgment because the undisputed evidence established that Pardee had not breached any agreement upon which the Mortazavis could state a claim for implied contractual indemnity.  In the alternative, Pardee argued that to the extent the Mortazavis were attempting to assert a claim for "pure equitable indemnity," such a claim "would also fail."  In support of this contention, Pardee argued, "Pardee cannot be liable for Mortazavi relying on Pardee failing to perform its purported duty to mark the boundary."  Pardee also argued that it was entitled to judgment as a matter of law on the Mortazavis' claim for declaratory relief because that claim was redundant of the indemnity cause of action.  Finally, Pardee contended that it was entitled to judgment as a matter of law on the Mortazavis' tort of another claim because Sive's complaint was not based on Pardee's acts or representations.

In their opposition, the Mortazavis clarified that their first cause of action was for "equitable indemnity," not implied contractual indemnity.[3]  The Mortazavis further contended that there was a triable issue of fact as to their equitable indemnity claim

---

[3]    The Mortazavis acknowledged that in their cross-complaint, they had styled their indemnity claim as one for "implied indemnity," but contended that "that label is irrelevant."  The Mortazavis argued further that "[t]he facts alleged in the first cause of action clearly state a claim for traditional equitable indemnity, as the contract [between the Mortazavis and Pardee] is not referenced at all."

because there was "evidence that Pardee was at fault for the encroachment that is the subject of Sive's complaint." In support of this contention, the Mortazavis contended that there was evidence that Pardee had failed to place any rear boundary markers on the Property and had misidentified the length of an offset on the subdivision map related to the location of the property line at the front of the Property, and that these errors on Pardee's part had caused the surveyor that the Mortazavis hired to err in determining the boundaries of the Mortazavis' property. With respect to their declaratory relief claim, the Mortazavis argued that there was a triable issue of fact as to "whether Pardee must indemnify the Mortazavis." Finally, the Mortazavis contended that Pardee was not entitled to judgment as a matter of law on the Mortazavis' tort of another claim because there was evidence that "Pardee was negligent regarding the setting of the rear boundary monuments and regarding the offset from the front monuments."

In its reply, Pardee argued that it was entitled to judgment as a matter of law on the Mortazavis' equitable indemnity claim. Pardee argued that because it did not owe Sive a duty with respect to Sive's claims, it was not a joint tortfeasor with the Mortazavis and thus, the Mortazavis could not prevail on their equitable indemnity claim against Pardee. Pardee also reiterated its arguments that the Mortazavis' declaratory relief claim was redundant of its indemnity claim and that Pardee was entitled to judgment as a matter of law on the Mortazavis' tort of another claim because Pardee's conduct had not given rise to Sive's claims.

8

H.      *The trial court's order granting Pardee's motion for summary judgment*

The trial court concluded that Pardee was entitled to judgment as a matter of law on all of the Mortazavis' claims and granted Pardee's motion for summary judgment.

I.      *The Mortazavis' writ petition*

The Mortazavis filed a petition for writ of mandate. In their petition, the Mortazavis contend that the trial court erred in granting Pardee's motion for summary judgment. After Pardee filed an informal response, this court issued an order to show cause and stayed all further proceedings in the trial court. Pardee then filed a return to the petition, and the Mortazavis filed a reply.

III.

DISCUSSION

A.      *Pardee is entitled to judgment as a matter of law on the Mortazavis' equitable indemnity claim*

The Mortazavis contend that the trial court erred in granting Pardee judgment as a matter of law on their equitable indemnity claim.

1.      *Governing law*

a.      *General principles of law governing summary judgment*

A moving party is entitled to summary judgment when the party establishes that it is entitled to the entry of judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) A defendant may make this showing by demonstrating that the plaintiff cannot establish one or more elements of all of his causes of action, or that the defendant has a

9

complete defense to each cause of action.  (*Towns v. Davidson* (2007) 147 Cal.App.4th 461, 466.)

In reviewing a trial court's ruling on a motion for summary judgment, the reviewing court makes " 'an independent assessment of the correctness of the trial court's ruling, applying the same legal standard as the trial court in determining whether there are any genuine issues of material fact or whether the moving party is entitled to judgment as a matter of law.  [Citations.]'  [Citation.]"  (*Trop v. Sony Pictures Entertainment, Inc.* (2005) 129 Cal.App.4th 1133, 1143.)

> b.      *Equitable indemnity*

In *Greystone Homes, Inc. v. Midtec, Inc.* (2008) 168 Cal.App.4th 1194, 1208, this court explained that the doctrine of equitable indemnity provides a manner by which joint tortfeasors may apportion liability owed to a third party:

> " 'Where multiple tortfeasors are responsible for an indivisible injury suffered by the plaintiff, each tortfeasor is jointly and severally liable to the plaintiff for those damages and thus may be held individually liable to the injured plaintiff for the entirety of such damages.' [Citation.]  Such liability is premised on the notion that ' "the 'wronged party should not be deprived of his right to redress,' but that '[t]he wrongdoers should be left to work out between themselves any apportionment.]' " '  [Citation.]
>
> "Equitable indemnity is one manner by which joint tortfeasors may apportion such joint and several liability.  'The right to indemnity flows from payment of a joint legal obligation on another's behalf. [Citations.]'  [Citation.]"

In order to state a claim for equitable indemnity, the prospective indemnitor and the prospective indemnitee must be jointly liable to the third party.  (See, e.g, *Prince v.*

*Pacific Gas & Electric Co.* (2009) 45 Cal.4th 1151, 1160 (*Prince*) ["traditional equitable indemnity . . . is not available in the absence of a joint legal obligation to the injured party"]; *BFGC Architects Planners, Inc. v. Forcum/Mackey Construction, Inc.* (2004) 119 Cal.App.4th 848, 852 ["Although the body of law defining and applying principles of equitable indemnity has not fully gelled but is still evolving, one thing is clear: The doctrine applies only among defendants who are jointly and severally liable to the plaintiff."]; *Jocer Enterprises, Inc. v. Price* (2010) 183 Cal.App.4th 559, 573 ["neither traditional equitable indemnity nor implied contractual indemnity is available 'in the absence of a joint legal obligation to the injured party' [citation]"].) That is because, "A derivative equitable indemnity action is based on an indemnitee's joint legal obligation with an indemnitor to a third party, *not the indemnitor's direct liability to the indemnitee*." (*Greystone Homes, Inc. v. Midtec, Inc.*, *supra*, 168 Cal.App.4th at p. 1218, italics added.) Therefore, "As against the indemnitee, the indemnitor may invoke any substantive defense to liability that is available against the injured party." (*Children's Hospital v. Sedgwick* (1996) 45 Cal.App.4th 1780, 1787.)

> 2. *Application*

In order for the Mortazavis to prevail on their equitable indemnity claim against Pardee, the Mortazavis are required to establish that they and Pardee shared a joint legal obligation to Sive.[4] (See, e.g., *Prince, supra*, 45 Cal.4th at p. 1160.) In its order, the trial

---

4      In their memorandum in support of their writ petition, the Mortazavis acknowledge that the doctrine of equitable indemnity permits "multiple tortfeasors" to

11

court stated, "It is undisputed that [Pardee] does not owe a duty to plaintiff Sive, as there is no relationship between these parties."  We agree with the trial court that Pardee did not owe Sive a duty related to any of the claims in Sive's complaint.[5]

As noted above, in her complaint, Sive brought six claims against the Mortazavis related to the Mortazavis' sale of the Property to Sive.  It is undisputed that Pardee was not in any way involved in the sale of the Property to Sive.  Further, any alleged negligent misrepresentations that Pardee made to the *Mortazavis* in connection with Pardee's sale of the Property to the Mortazavis[6] cannot serve as the basis of a claim by *Sive* against Pardee, because there is no evidence that Pardee made any representations to the Mortazavis for the benefit of Sive.  (See, e.g., *Bily v. Arthur Young & Co.* (1992) 3

---

apportion "joint and several liability" owed to a third party plaintiff.  In their reply, the Mortazavis claim that the "Mortazavis and Pardee . . . are potential joint tortfeasors."

[5]     In its order granting summary judgment, the trial court also stated: "In order for equitable indemnity to apply [Pardee] must owe a duty to either [Sive] *or* directly to [the Mortazavis]."  (Italics added.)  The trial court was incorrect in stating that the Mortazavis could state a claim for equitable indemnity against Pardee based on Pardee owing the *Mortazavis* a duty.  (See *Greystone Homes, Inc. v. Midtec, Inc.*, *supra*, 168 Cal.App.4th at p. 1218 [equitable indemnity is premised on indemnitor's duty to a third party rather than indemnitor's liability to indemnitee].)

[6]     In addition to stating that Pardee did not owe a duty to Sive (a conclusion with which we agree as stated in the text), the court also stated that Pardee "owed no duty" to *the Mortazavis*.  The bulk of the Mortazavis' briefing in this court focuses on the trial court's conclusion that Pardee did not owe the *Mortazavis* a duty.  We need not determine whether Pardee owed the *Martazavis* a duty in order to conclude that the trial court properly granted Pardee judgment as a matter of law on the Mortazavis' *equitable indemnity* claim because Pardee owed *Sive* no duty.  We note that the Mortazavis did not bring a claim for negligence or breach of contract against Pardee.

Cal.4th 370, 392 ["a supplier of information is liable for negligence to a third party only if he or she intends to supply the information for the benefit of one or more third parties in a specific transaction or type of transaction identified to the supplier"]; accord 5 Witkin, Summary of Cal. Law (10th ed. 2005) Torts, § 825 ["The class of persons entitled to rely on the representations is restricted to those to whom or for whom the misrepresentations were made"]; Rest.2d Torts § 552, com. h ["The rule stated in this Section subjects the negligent supplier of misinformation to liability only to those persons for whose benefit and guidance it is supplied"].)

The Mortazavis argue that Pardee was "negligent" in failing to correctly identify the offset in its subdivision map and in failing to set rear boundary markers on the Property. However, the Mortazavis do not cite, and our own research has not uncovered, any authority that would support the proposition that a third party purchaser may state a claim in negligence against a subdivider based on inaccurate statements in a subdivision map or improperly setting property boundary markers. Further, while the Mortazavis argue that it was "reasonably foreseeable that the Mortazavis might sell the property, and that the subsequent buyer would face liability for any encroachment that Pardee caused," this argument fails because "foreseeability is not a substitute for legal duty." (*Coldwell Banker Residential Brokerage Co., Inc. v. Superior Court* (2004) 117 Cal.App.4th 158, 167.) Even assuming that Pardee could have reasonably foreseen that the Mortazavis would, at some unspecified time in the future, sell the Property that they purchased from Pardee to a third party purchaser, this fact would not establish a duty between Pardee and

13

any potential third party purchasers. (See *ibid*. [real estate broker did not owe duty to third party because "the mere existence of foreseeability of harm to persons other than parties to the real estate transaction is, for public policy reasons, not sufficient to impose liability on a supplier of information"]; accord 5 Witkin, *supra*, § 825 [liability for negligent misrepresentation "does not extend to damages resulting from any reliance that might have been foreseen, but only to damage from the particular action which the defendant intended to induce, or something substantially similar"].)

Accordingly, in light of the undisputed evidence establishing that Pardee did not share any joint legal obligation with the Mortazavis vis-á-vis Sive, we conclude that Pardee is entitled to judgment as a matter of law on the Mortazavis' equitable indemnity claim against Pardee. (See, e.g, *Prince*, *supra*, 45 Cal.4th at p. 1160 ["traditional equitable indemnity . . . is not available in the absence of a joint legal obligation to the injured party"].)

B.   *Pardee is entitled to judgment as a matter of law on the Mortazavis' claim for declaratory relief*

The Mortazavis contend that the trial court erred in granting judgment as a matter of law for Pardee on the Mortazavis' declaratory relief cause of action because there is a "triable issue of fact whether Pardee must indemnify the Mortazavis." In light of our conclusion that Pardee is entitled to judgment as a matter of law on the Mortazavis' equitable indemnity claim, we conclude that Pardee is entitled to judgment as a matter of law on the Mortazavis' related declaratory relief cause of action.

14

C.      *Pardee is entitled to judgment as a matter of law on the Mortazavis' cause of action for tort of another*

The Mortazavis claim that the trial court erred in granting Pardee judgment as a matter of law on their cause of action for tort of another.

1.      *The doctrine of tort of another*

In *Mega RV Corporation v. HWH Corporation* (2014) 225 Cal.App.4th 1318, 1337-1338 (*Mega RV Corporation*), the Court of Appeal outlined the doctrine of tort of another:

> "Ordinarily, pursuant to the American rule, a party must pay for its own attorney fees unless a contract or statute provides authority for recovery of attorney fees from a litigation opponent.  The tort of another doctrine holds that '[a] person who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person is entitled to recover compensation for the reasonably necessary loss of time, attorney's fees, and other expenditures thereby suffered or incurred.' (*Prentice v. North American Title Guaranty Corp.* (1963) 59 Cal.2d 618, 620.)  The tort of another doctrine is not really an exception to the American rule, but simply 'an application of the usual measure of tort damages.'  [Citations.]"

As suggested by the *Mega RV Corporation* court, the tort of another doctrine is not a separate cause of action, but rather a theory of tort damages.  (See *Sooy v. Peter* (1990) 220 Cal.App.3d 1305, 1310  ["the third party tort 'exception' is in fact an element of tort damages"].)

2.      *Factual and procedural background*

In its order granting summary judgment, the trial court ruled that Pardee was entitled to judgment as a matter of law on the Mortazavis' tort of another claim because

15

Pardee did not owe Sive a duty and was not "required to indemnify [the Mortazavis] for any potential judgment or for defense costs."

3. *Application*

In their briefing in this court, the Mortazavis argue, "As discussed above [in connection with their equitable indemnity argument] there is evidence that Pardee was negligent regarding the setting of the rear boundary monuments and regarding the offset from the front monuments." We concluded in part III.A., *ante*, that the trial court properly granted judgment as a matter of law for Pardee on the Mortazavis' equitable indemnity claim. Thus, the Mortazavis were not entitled to recover any damages pursuant to the doctrine of tort of another based on their equitable indemnity claim. Accordingly, the trial court properly granted Pardee judgment as a matter of law on the Mortazavis' cause of action styled as "tort of another."[7]

---

[7] In its order, the trial court also stated that Pardee did not owe the *Mortazavis* a duty and that "[i]n the absence of such a duty, no 'tort' could have been committed." We need not determine whether the trial court was correct in this regard, because the only basis on which the Mortazavis sought to recover on their claim for tort of another was their equitable indemnity claim. As noted previously, the Mortazavis did not bring a negligence claim against Pardee. (See fn. 6, *ante*.) Accordingly, we have no occasion to consider whether the Mortazavis might have been able to collect such damages pursuant to the tort of another doctrine premised on Pardee's alleged commission of a tort against the Mortazavis. (See *Sixta v. Ochsner* (1960) 187 Cal.App.2d 485, 491 [cross-complainant vendee could recover attorney fees incurred in defense of subsequent purchaser's action due to cross-defendant vendor's negligent misrepresentation that improvements were located on real property sold by vendor to vendee].) Further, we are aware of no case law, and the Mortazavis have cited none, holding that a party may recover damages pursuant to the doctrine of tort of another in the absence of proof of an underlying tort or an indemnity cause of action.

16

IV.

DISPOSITION

The petition is denied.  The stay issued on February 25, 2014 is vacated.  Pardee is entitled to costs in this proceeding.

_____

AARON, J.

WE CONCUR:

_____

O'ROURKE, Acting P. J.

_____

IRION, J.

17